14 F.3d 45
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Daniel D. TAVARES, Defendant, Appellant.
 No. 92-2052.
 United States Court of Appeals,
First Circuit.
 December 21, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Owen S. Walker with whom Peter B. Krupp was on brief for appellant.
 Michael J. Pelgro, Assistant United States Attorney, with whom A. John Pappalardo, United States Attorney, was on brief for appellee.
 D.Mass.
 REVERSED AND REMANDED
 Before Boudin, Circuit Judge, Coffin and Campbell, Senior Circuit Judges.
 Per Curiam.
 
 
 1
 Two members of the panel have concluded that under existing case law in the First Circuit, the district judge did not err in allowing the government to reject a stipulation establishing the prior felony but making no reference to the nature of that felony. The third member of the panel believes that the prior decisions are distinguishable, that the district judge had the discretion to accept the stipulation, and that his failure to do so in this case constituted an abuse of discretion. All members of the panel agree that the precise issue in our case was not the subject of a focused discussion in the prior decisions, that the issue is an important and recurring one, and that en banc consideration of the issue is appropriate.
 
 
 2
 On the remaining issues, all members of the panel believe that the conviction should in any event be reversed because the evidence of the prior robbery should have been limited or excluded and the admission of this evidence was not harmless error.
 
 
 3
 Based upon a sua sponte suggestion of the panel, the full court has agreed that the case should be reheard en banc. We have determined not to prepare panel opinions explaining in detail the basis for our own positions, since there is good reason to believe that the issues will be resolved anew and explicated by a decision of the en banc court. In the unlikely event that the panel's decision does become determinative, the panel will issue an opinion or opinions explaining our respective reasons for the positions taken and delineating in further detail the course to be followed on remand.
 
 
 4
 In compliance with the formal requisites for a decision by the panel, the panel directs that this decision be entered by the Clerk as the panel decision, that the opinion be treated as one not for publication in accordance with Local Rule 36.2, and that the mandate be stayed pending consideration of the case by the en banc court pursuant to a forthcoming order directing rehearing en banc and specifying the further course of proceedings.
 
 
 5
 It is so ordered.
 
 
 6
 ---------------
 
 
 
 *. Of the District of Puerto Rico, sitting by designation.